

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS

PRICE·DANIEL
ATTORNEY GENERAL

January 28, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-762

Re: Eligibility of a County which comes
within subsection 15(a) of Article
3912e, in January, 1949 to partici-
pate in the appropriation ·contained
in Item 11, H.B. 244, for the re-
mainder of the current ·biennium.

Dear Sir:

Your request for an opinion, in part, reads:

"At the present time there are six ·coun-
ties in this State under 20,000 in population
which have a County Attorney performing the
duty of a District Attorney and the compensa-
tion of all of the ·county officers in these
counties is their fees of office.

"This department has been placed on no-
tice by the officials of one of these counties
that the county officers would be compensated
on a salary basis beginning January 1, 1949.
This county will be eligible for the apportion-
ment under the provisions of Article 3912e, Sec-
tion 15, Sub-section (a) page 286 of Vernon's
Civil Statutes.

"Should this department make this appor-
tionment from the amount appropriated by House
Bill Number 244, Chapter 338, Section 11, $146,-
429, page 645, General and Special Laws of the
50th Legislature, for the period January 1, 1949
to August 31, 1949, inclusive? Or should this
department make the apportionment by a transfer
from the appropriation in Section 9, $60,000, of
the above bill to the apportionment appropria-
tion for this apportionment in Section 11, if so,
would the amount transferred be the maximum
amount due such county, or would the fact that

the counties now eligible for the apportion-
ment from the $146,429 receive only 56% of
the maximum amount due them have to be con-
sidered in making this transfer?  Or would
it be necessary for a supplemental appropria-
tion to be made before this apportionment
could be accomplished?

"With regard to the above questions ref-
erence is made to your opinion Number O-6652,
questions Numbers 1 and 4 and the answers
thereto."

Section 6(a) of Article 3912e, V.C.S., in part,
reads:

". . . It shall be the duty of the Comptrol-
ler of Public Accounts to annually apportion
to all counties in which the county officers
are to be compensated on the basis of a sal-
ary any monies, appropriated for said year
for such apportionment; each county entitled
to participate in such apportionment shall
receive for the benefit of its Officers' Sal-
ary Fund or funds its proportionate part of
the appropriation which shall be distributed
among the several counties entitled to parti-
cipate therein on the basis of the per capita
population of each county, according to the
last preceding Federal Census. . ."  (Empha-
sis added).

Section 15 of Article 3912e, V.C.S., in part,
and subsection (a) thereof respectively read as follows:

"The Commissioners' Court in counties
having a population of less than twenty (20,-
000)inhabitants, according to the last pre-
ceding Federal Census at the first regular
meeting in January of each calendar year, may
pass an order providing for compensation of
all county and precinct officers on a salary
basis.  The Commissioners' Court in each of
such counties is hereby authorized, and it
shall be its duty, to fix the salaries of
Criminal District Attorneys.  In the event
such Court passes such order they shall pay
to each of said District and County officers
in money an annual salary in twelve (12)

equal installments of not less than the
total sum earned as compensation by said
officer in his said official capacity for
the fiscal year of 1935 and not more than
the maximum allowed such officer under
laws existing August 24th, 1935. . ."

(a).  The compensation of a Criminal
District Attorney, or County Attorney who
performs the duties of District Attorneys,
together with the compensation of his as-
sistants, shall be paid out of the County
Officers' Salary Fund, but the State shall
pay into such fund each year an amount
equal to a sum which bears the same propor-
tion to the total salary of such Criminal
District Attorney, or County Attorney per-
forming the duties of a District Attorney,
together with the salary of his assistants,
as all felony fees collected by such offi-
cial during the year of 1935 bear to the
total fees collected by such official dur-
ing such year."

The provisions of subsection (a), supra, are
also contained in subsection (b), section 13, of Article
3912e, V.C.S., which is applicable to all those counties
having a population of 20,000 or more and less than 190,-
000 according to the last preceding Federal Census.  The
county officers of all such counties are compensated on
a salary basis.  (Sec. 61, Art. XVI, Const.)

Items 9, 10 and 11 of the appropriations made
to the Comptroller's Department for the current fiscal
year (Acts 50th Leg., H. B. 244, p. 645) respectively
read as follows:

"9.  Fees and costs of sheriffs, at-
torneys and clerks in felony
cases, and fees of county judges,
county attorneys, justices of
peace, sheriffs and constables
in examining trials where indict-
ments are returned                                    $  60,000.00

"10. Apportionment to counties where
county officers are paid salaries
(per Chapter 465, Section 6A,
Second Called Session, Acts Forty-
fourth Legislature).  Should any
county, by election of the Com-
missioners Court, change from
salary to fee basis or vice versa,
the Comptroller shall make adjust-
ment in the appropriations by
transferring the correct amount
from appropriation made for fees
and costs of sheriff and other
county officials to appropriation
to pay counties on a per capita
basis or vice versa as the case
may be                                    514,000.00

"11. Apportionment to counties where
county officers are paid salaries
and where there is a criminal dis-
trict attorney or county attorney
performing the duties of district
attorney (As per sub-section B,
Section 13 and Section 15, sub-
section A, Chapter 465, Acts
Forty-fourth Legislature)              146,429.00"

        Item 9 is primarily an appropriation to pay
the officers named therein of counties in which all
county officers are compensated on a fee basis for par-
ticular services rendered the State as provided by the
statutes.

        Item 10 is an appropriation for the benefit
of all counties wherein all county officers are compen-
sated on a salary basis. It was made by the Legislature
in obedience to the provisions of Section 6(a) of Arti-
cle 3912e. However, since the Commissioners' Court of
any county having a population of less than 20,000 has
been authorized by Section 15 to determine at its first
regular meeting in January of each calendar year whether
all county officers shall be for that year compensated
on a fee or salary basis, the Legislature has provided
in Item 10 for the Comptroller to transfer from Item 9
to Item 10 or vice versa in the event such changes are
made.  Section 6(a) requires this appropriation to be
apportioned among the counties entitled to participate
therein "on the basis of the per capita population of
each county according to the last preceding Federal Cen-
sus."

The appropriation made by Item 11 is to pay all those counties which come within the classifications described in subsection (b) of Section 13 and subsection (a) of Section 15, and must be apportioned by the Comptroller to each county in accordance with the formula prescribed therein.  In other words, any county, regardless of its population, is eligible to participate in the distribution of this appropriation, provided its county officers are compensated on a salary basis and which has a criminal district attorney or a county attorney performing the duties of a district attorney.  The purpose of this appropriation is wholly unrelated to the purposes of the appropriations contained in Items 9 and 10.  The authority conferred upon the Comptroller to make adjustment in these two appropriations cannot be extended by construction to include the appropriation in Item 11.

We have examined all appropriations heretofore. made by the Legislature for distribution to counties in accordance with the provisions of Section 6(a) and subsection (b), Section 15, of Article 3912e, and have found that each appropriation made prior to the appropriation made by the 50th Legislature limited the number of counties eligible to participate in each such appropriation to thirty-three.  The current appropriation (Item 11) is not so limited.

You have informed us that the 50th Legislature discovered that there were six additional counties having a population of less than 20,000 inhabitants according to the last census in which the county officers were compensated on a fee basis and having either a criminal district attorney or a county attorney performing the duties of a district attorney.  Therefore, it appears the Legislature realized the probability of one or more of these counties becoming eligible during the current biennium to participate in the distribution of this appropriation and for that reason did not limit the appropriation to any number of counties, thereby enabling such county or counties to participate therein.

In view of the foregoing, it is our opinion that when a county of less than 20,000 inhabitants in which the county officers have heretofore been compensated on a fee basis and which has a criminal district attorney or a county attorney performing the duties of a district attorney, changes its method of compensating its county officers

from a fee basis to a salary basis in January, 1949, it is entitled to receive its proportionate part of the appropriation in Item 11 (Acts 50th Leg., H.B. 244, ch. 338, p. 645) for the remaining eight months of the current biennium.

You have directed our attention to Opinion No. O-6652. The appropriations and the statutes governing the distribution thereof considered in that opinion are entirely different from the appropriation in Item 11 and the statutes governing its distribution.

## SUMMARY

When a county which has a criminal district attorney or a county attorney performing the duties of a district attorney transfers its county officers from a fee basis to a salary basis in January, 1949, it is entitled to receive its proportionate part of the appropriation in Item 11 (Acts 50th Leg., H. B. 244, ch. 338, p. 645) for the remaining eight months of the current biennium. Subsection 15(a) of Art. 3912e, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

BWB:wb

APPROVED:

EXECUTIVE ASSISTANT
ATTORNEY GENERAL